FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALENTIN BOVDYR,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW COZZA,<br><br>    Defendant. | No. 2:22-cv-00022-MKD<br><br>ORDER DIRECTING PLAINTIFF TO COMPLY WITH COURT'S FEBRUARY 18, 2022 ORDER AND DECLINING TO ADOPT REPORT AND RECOMMENDATION |

    Before the Court is Magistrate Judge Goeke's March 25, 2022 Report and Recommendation, ECF No. 7, recommending that, due to Plaintiff's failure to pay the filing fee or submit a properly completed Application to Proceed *In Forma Pauperis* (IFP application), this Court 1) dismiss Plaintiff's Complaint without prejudice; and 2) Plaintiff be required to provide notice of the dismissal to all Defendant(s) he served.  Plaintiff filed an objection to Report and Recommendation, stating he believed he did not need to include his spouse's income in the IFP application.  ECF No. 8.

ORDER - 1

After reviewing the Report and Recommendation, Plaintiff's objection, and relevant authorities, the Court directs that Plaintiff supplement his IFP application consistent with the Court's February 18, 2022 Order within 14 days. There are multiple deficiencies in Plaintiff's IFP application. An affidavit in support of an IFP application is sufficient when it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). When analyzing an IFP application, a Court may consider a plaintiff's spouse's income when the spouse's funds are available to the plaintiff. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (quoting *Lee v. McDonald's Corp.,* 231 F.3d 456, 459 (8th Cir. 2000)). Plaintiff indicated that his spouse's income is available to him to pay household expenses, but has not provided his spouse's income, nor has he provided any specific information about the costs of his necessities of life. *See* ECF Nos. 2, 4. Plaintiff also did not indicate whether he is or has been a party to a lawsuit, not including this lawsuit, in the last 10 years. *See* ECF Nos. 2, 4. If he has, Plaintiff is required to provide, but has not yet provided, the required case number, court, type of case, names of parties, and information regarding whether the case is still pending or how it concluded. *See* ECF Nos. 2, 4.

While Plaintiff has already been given the opportunity to submit a new and properly completed IFP application, ECF No. 4, Plaintiff argues he did not

ORDER - 2

understand that he was required to provide information on other members of his household, ECF No. 8. Courts are to make reasonable allowances for *pro se* litigants and are to construe *pro se* papers and pleadings liberally. *McCabe v. Arave,* 827 F.2d 634, 640 n.6 (9th Cir. 1987). Given Plaintiff's reported misunderstanding and his timely objection to the Report and Recommendation, the Court will allow Plaintiff another opportunity to file a complete IFP application.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Court declines to adopt the Report and Recommendation.
2. Within fourteen (14) days of this Order, Plaintiff shall submit a new and properly completed application to proceed *in forma pauperis* or pay the full filing fee.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and *pro se* Plaintiff. The Clerk's Office is directed to include a copy of the Court's February 18, 2022, ECF No. 4, with the copies provided to the *pro se* Plaintiff.

DATED May 9, 2022.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3