FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALENTIN BOVDYR, | No. 2:22-CV-00022-MKD |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| MATTHEW COZZA, | **ECF Nos. 1, 15** |
| Defendant. | |

Before the Court are Plaintiff's *pro se* Complaint, ECF No. 1, and

Defendant's Motion to Dismiss, ECF No. 15. Plaintiff filed a *pro se* Complaint on

February 10, 2022. ECF No. 1. On November 23, 2022, Defendant filed a Motion

to Dismiss. ECF No. 15. Plaintiff did not file a response to the Motion to Dismiss.

Having reviewed Defendant's Motion and supporting exhibits, ECF Nos. 15, 15-1,

15-2, the Court is fully informed.

**BACKGROUND**

Plaintiff alleges his rights under "Article V, Bill of Rights; Title 18 U.S.C. §

241; Title 18 U.S.C. §242" have been violated. ECF No. 1 at 3. Plaintiff alleges

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

Defendant represents Spokane County, and Defendant intends to deprive Plaintiff of private property worth $100,000 or more. *Id.* at 4. Plaintiff alleges he has suffered stress and impaired sleep due to the threats of potential deprivation of private property. *Id.* at 4-5. Plaintiff requests Defendant "cease and desist from depriving me, a fellow man of my private property," and for a financial remedy for the damages Defendant has caused. *Id.* at 7.

On June 20, 2022, Plaintiff sent a letter to the Court stating, "there may be a mistake in regards to what kind of court the matter is being moved through," and "I am not looking for a civil lawsuit." ECF No. 13. However, Plaintiff also stated he is pursuing his claim "in agreement with the 7th Amendment of the constitution of the United States." *Id.*

On June 21, 2022, this Court issued an order to amend or voluntarily dismiss the complaint. ECF No. 12. Plaintiff had until August 22, 2022 to file an amended complaint or voluntarily dismiss the complaint. *Id.* Plaintiff did not file a response. On November 23, 2022, Defendant filed a motion to dismiss. ECF No. 15. Plaintiff has not filed anything with the Court since his June 20, 2022 letter.

## ANALYSIS

### A. 28 U.S.C. § 1915 Review

As discussed in the Court's June 21, 2022 Order, when an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

1   dismiss such complaint, or portions of the complaint, if it is "(i) frivolous or

2   malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

3   monetary relief from a defendant who is immune from such relief." 28 U.S.C. §

4   1915(e)(2); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). A plaintiff's

5   claim is frivolous "when the facts alleged rise to the level of the irrational or the

6   wholly incredible, whether or not there are judicially noticeable facts available to

7   contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

8       A claim is legally frivolous when it lacks an arguable basis either in law or

9   in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on*

10   *other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

11   (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

12   Therefore, the Court may dismiss a claim as frivolous where it is "based on an

13   indisputably meritless legal theory" or where the "factual contentions are clearly

14   baseless." *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional

15   claim has an arguable basis in law and fact. *See Jackson v. Arizona*, 885 F.2d 639,

16   640 (9th Cir. 1989), *superseded by statute on other grounds, Lopez*, 203 F.3d at

17   1130-31; *Franklin*, 745 F.2d at 1227.

18       The facts alleged in a complaint are to be taken as true and must "plausibly

19   give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

20   Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

1  complaint must contain more than "a formulaic recitation of the elements of a

2  cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The

3  complaint must plead "enough facts to state a claim to relief that is plausible on its

4  face." *Id.* at 570.  Liberally construing the complaint in the light most favorable to

5  Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief

6  may be granted.

7     Even construing the sparse facts liberally in favor of Plaintiff, the Court

8  cannot determine how Defendant allegedly violated any law.  Plaintiff alleges his

9  rights under "Article V, Bill of Rights; Title 18 U.S.C. § 241; Title 18 U.S.C.

10  §242" have been violated.  ECF No. 1 at 3.  Plaintiff alleges Defendant represents

11  Spokane County, and Defendant intends to deprive Plaintiff of private property

12  worth $100,000 or more.  *Id.* at 4.  Plaintiff alleges he has suffered stress and

13  impaired sleep due to the threats of potential deprivation of private property.  *Id.* at

14  4-5.  Plaintiff requests Defendant "cease and desist from depriving me, a fellow

15  man of my private property," and for a financial remedy for the damages

16  Defendant has caused.  *Id.* at 7.  Plaintiff has not demonstrated that Defendant has

17  violated any of his federal constitutional or statutory rights.

18     First, to the extent Plaintiff asserts violations of criminal laws under 18

19  U.S.C. §§ 241-242, no private right of action exists to enforce these criminal

20  statutes.  Federal criminal claims may not be brought by anyone other than the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

Second, Plaintiff alleges his rights under "Article V, Bill of Rights" have been violated. ECF No. 1 at 3. It is unclear what right Plaintiff is asserting has been violated. However, Plaintiff has not set forth any facts that demonstrate any violation of his constitutional rights. Plaintiff's claims are mere legal conclusions as he states Defendant has deprived him of property and caused damages but does not plead enough facts to state a claim to relief that is plausible on its face. *See* ECF No. 1; *see Iqbal*, 556 U.S. at 664; *see also Twombly*, 550 U.S. at 555. Plaintiff fails to set forth facts that demonstrate how Defendant violated Plaintiff's federal constitutional or statutory rights. Plaintiff has not demonstrated that this Court has jurisdiction over the case, nor has Plaintiff stated a plausible claim.

Plaintiff was afforded the opportunity to amend his complaint. ECF No. 12. Plaintiff did not file an amended complaint. As such, Plaintiff has not remedied the deficiencies in his complaint.

**B. Motion to Dismiss**

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v.*

1    *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  On the other hand, mere

2    legal conclusions, "are not entitled to the assumption of truth."  *Ashcroft*, 556 U.S.

3    at 679.  "Dismissal can be based on the lack of a cognizable legal theory or the

4    absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri*, 901

5    F.2d at 699.

6        Defendant contends Plaintiff has failed to state a claim upon which relief can

7    be granted.  ECF No. 15.  As discussed *supra*, the Court agrees that Plaintiff has

8    failed to state a claim.  Defendant's motion to dismiss presents additional

9    information not contained in Plaintiff's complaint.  Defendant asks the Court to

10    take judicial notice of two exhibits: 1) an amended complaint and 2) a judgment,

11    both from a Spokane County Superior Court case in which Plaintiff is a Defendant.

12    *Id.* at 2-3.  As the documents are public records, the Court may take judicial notice.

13    *See Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001).  Defendant's exhibits

14    demonstrate that Defendant was the deputy prosecuting attorney in the Spokane

15    County case.  ECF Nos. 15-1, 15-2.

16        Prosecutors are afforded absolute immunity when they are acting within the

17    scope of their duties in initiating and pursuing criminal prosecution and in

18    presenting the state's cases.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Based

19    on the bare facts alleged in the complaint, and Defendant's motion and supporting

20    exhibits, it appears Defendant is entitled to absolute immunity.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

The Court declines to grant Plaintiff a second opportunity to amend.  It is clear that Plaintiff cannot overcome the absolute immunity afforded to Defendant by alleging other facts.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

2.  Defendant's Motion to Dismiss, ECF No. 15, is **GRANTED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order, provide copies to *pro se* Plaintiff, and **CLOSE** the file.

DATED December 29, 2022.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7